**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Paul H. Cossette

    v.                                            Civil No. 05-cv-328-PB

Mike Johanns, Secretary,
United States Department
of Agriculture

**O R D E R**

Paul Cossette's complaint (document no. 1), filed *pro se* and *in forma pauperis*, alleges that the United States Department of Agriculture ("DOA") had violated Cossette's rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.. On February 9, 2006, I issued a Report and Recommendation (document no. 5) recommending that the complaint be dismissed on the basis that it was untimely filed. In my Report and Recommendation, I noted that the complaint made no reference to any efforts at administrative exhaustion of the claims, and I thus presumed that Cossette had opted to pursue his suit in this Court directly, as is permitted by statute, and that Cossette had foregone his option to seek administrative relief. In his objection to my Report and Recommendation (document no. 6), Cossette states for

the first time that prior to filing his complaint here, he timely sought administrative relief from the United States Equal Employment Opportunity Commission ("EEOC").  Cossette has attached his "right to sue" letter from the EEOC, which demonstrates not only that his administrative claim was timely filed, but that his complaint before this Court was timely filed.

As discussed in my February 9 Report and Recommendation, Cossette alleges that he was not selected as a finalist for a Resource Assistant position within the DOA, on the basis of his age.  The ADEA provides that "it shall be unlawful for an employer ... to fail or refuse to hire . . . any individual or otherwise discriminate against any individual . .. because of such individual's age."  29 U.S.C. § 623(a)(1).  I find that Cossette has sufficiently alleged in his complaint that he was denied a promotion to a position for which he was the most qualified applicant solely on the basis of his age to allow this action to proceed.

Without commenting on the merits of the complaint, I find that plaintiff has stated a claim upon which relief may be granted.  Accordingly, I order that the complaint be served upon Defendant.  The Clerk's office is directed to issue the necessary

summons form and forward to (i) the United States Attorney for the District of New Hampshire, (ii) the Attorney General of the United States, and (iii) the United States Department Of Agriculture, by certified mail, return receipt requested, the summons and copies of the Complaint (document no. 1), my February 9, 2006 Report and Recommendation, and this Order.  <u>See</u> Fed. R. Civ. P. 4(c)(2) and 4(i).

Defendant is instructed to answer or otherwise plead within sixty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(3).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendant by delivering or mailing the materials to the Defendant or the Defendant's attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    April 17, 2006

cc:      Paul H. Cossette, *pro se*