```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Paul H. Cossette**

    **v.**                                  Case No.  05-cv-328-PB
                                                    Opinion No. 2007 DNH 148

**Mike Johanns, Secretary,**
**U.S. Dep't of Agriculture**


**MEMORANDUM AND ORDER**

Plaintiff Paul Cossette ("Cossette") alleges that the U.S. Department of Agriculture (the "USDA") discriminated against him based on his age when it refused to hire him for a Forest Service position.  The USDA filed a motion for summary judgment arguing that the undisputed facts establish that Cossette was not qualified for the position.  For the reasons that follow, I grant the USDA's motion.


**I.   FACTS AND PROCEDURAL HISTORY**

As is required on a motion for summary judgment, I set out the facts in the light most favorable to the non-moving party (Cossette), drawing all reasonable inferences in his favor.  See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

On December 11, 2001, Cossette applied for the position of Resource Assistant, GS-1101-07, in the White Mountain National Forest, Laconia, New Hampshire. He was 60 years old at the time. The vacancy announcement described the major duties of the position as follows:

> Will be responsible for accepting applications and processing recreation special use permits. Responsible for billing of fees due the government, tracking of permit status and analysis of use associated with other recreation and non-recreation activities. Incumbent will also be responsible for business management activities associated with the forest's Fee Demonstration Project.

The vacancy announcement also specified that the required qualifications were: "1 full year of graduate level education or superior academic achievement; OR 1 year of specialized experience equivalent to at least the GS-05 level." The announcement defined "specialized experience" as follows:

> Specialized experience is that which has equipped the applicant with the particular knowledge, skills, and abilities to perform successfully the duties of the position, and that is typically in or related to the position to be filled. To be creditable, specialized experience must have been equivalent to at least the next lower grade level.

The vacancy announcement also identified three "selective placement factors" that were "basic to and essential for"

-2-

satisfactory performance of the job: (1) "Skill in all forms of communication techniques to enable effective information exchange with recreation permit applicants and forest personnel," (2) "Knowledge and skill in word processing, data input and spreadsheet use to accomplish a variety of processing methods for applications, permit development, billing of permittees, and report writing," and (3) "Ability to analyze data from a variety of sources to use in compiling reports."

Separately, the USDA also issued a more detailed official job description that described, in detail, three major responsibilities for the position: (1) "Maintains responsibility for the accuracy of all records in the Forest Land Use Reports (FLURS) database, including preparing specialized and statistical reports for District and Staff," (2) "Initiates action for permit renewals," and (3) "Serves as a procedural and technical specialist providing support in the area of special-use permits."

According to the materials that Cossette submitted with his employment application, he is a high school graduate who completed one year of undergraduate education.  He was an active duty member of the U.S. Marine Corps from 1959 to 1963, worked as a clerk for an engineering firm from 1966 to 1969, and worked for

a series of banks from 1966 to 1993. He thrived in the banking world throughout the 1980s and early 1990s, eventually attaining positions as a bank vice president, commercial lender, and lending supervisor. In these positions, Cossette communicated with customers and supervised other employees. He used word processing software, spreadsheet software, and other electronic data input systems. He conducted complex credit analyses and account profitability analyses, using data from a variety of sources. Subsequently, from 1993 to the date of his application, Cossette was "self-employed." From May to December 2001, Cossette also performed general district field maintenance as part of the Forest Service's Senior Community Service Employment Program ("SCSEP").[1] Cossette did not specifically describe the nature of his work as an SCSEP enrollee. He did, however, include an addendum to his application explaining his personal opinions on how to improve the Forest Service's Outfitter and Guide permit system. He asserted that he had "first hand field

---

[1] SCSEP is a Department of Labor program that provides minimum-wage, part-time employment to persons over the age of 55, to assist them in updating or developing their work and work-application skills. In general, Forest Service SCSEP enrollees perform maintenance tasks, interact with visitors, and perform various tasks as needed.

knowledge of our current compliance levels" but did not describe the source or extent of this knowledge.

Personnel Management Specialist Sandy Jamieson, who had issued the original vacancy announcement, reviewed the qualifications of each applicant. She determined that Cossette did not have either the educational background or the specialized experience that the job required. She further determined that although Cossette satisfied one selective placement factor (the ability to analyze data from a variety of sources to use in compiling reports), he did not satisfy the other two selective placement factors. Accordingly, she determined that Cossette was not qualified and stopped considering his application. In January 2002, Cossette contacted Jamieson and requested further consideration of his application. Two subsequent evaluations by other USDA officials agreed with Jamieson's initial conclusion that Cossette did not meet the basic qualifications, because he met neither the education nor the specialized experience requirements. Ultimately, the USDA chose to hire a 49-year old woman who had prior experience reviewing, processing, and explaining Outfitter and Guide permit applications.

On July 18, 2002, Cossette filed an Equal Employment Opportunity ("EEO") complaint with the USDA's EEO office, alleging that the Forest Service's decision not to hire him violated his rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Cossette's administrative appeals were exhausted when the U.S. Equal Employment Opportunity Commission ("EEOC") denied Cossette any relief. He then filed a pro se complaint in this court, seeking *de novo* review of his ADEA allegations. That is the case now before me.

Concurrently with his EEO complaint, Cossette also filed administrative complaints under both the Veterans Employment Opportunity Act ("VEOA") and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). The Merit Systems Protection Board ("MSPB") denied Cossette's VEOA claim on the basis that Cossette had failed to establish that he met the basic qualifications for the position, and denied Cossette's USERRA claim on the basis that Cossette had failed to establish that his veteran status was a substantial or motivating factor in his nonselection. Cossette v. Dep't of Agric., No. BN-3443-02-0147-I-2, BN3443-02-0067-I-2, 2003 MSPB LEXIS 1029, at *15-16 (Merit Sys. Prot. Bd., July 7, 2003). He appealed the MSPB's

determination to the Federal Circuit.  Reviewing the MSPB's determination under the deferential standard of review required by the Administrative Procedures Act ("APA"), the Federal Circuit held that the MSPB's decision was not arbitrary, capricious, an abuse of discretion, unsupported by the law, obtained without the required procedures, or unsupported by the record.  Cossette v. Dep't of Agric., 113 Fed. Appx. 398, 400-01 (Fed. Cir. 2004), cert. denied, 544 U.S. 1066 (2005); see also 5 U.S.C. § 7703(c) (defining the standard of review).

## II.  **STANDARD OF REVIEW**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact in the record.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has identified the basis for its motion, however, the nonmoving party may defeat summary judgment by showing that a

jury reasonably could find in the nonmoving party's favor.  See DeNovellis, 124 F.3d at 306.  In deciding the motion for summary judgment, I view the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor.  Id.  Nevertheless, the nonmoving party cannot rest merely upon conclusory allegations, improbable inferences, and unsupported speculation.  Id.

## III.  ANALYSIS

To make out a prima facie case of age discrimination, Cossette must establish the following: (1) he was at least 40 years old; (2) he was qualified for the Resource Assistant position; (3) he was not selected for the position; and (4) the Forest Service did not treat age neutrally in its selection process.  See Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 17 (1st Cir. 2006); Rivera-Aponte v. Rest. Metropol #3, Inc., 338 F.3d 9, 11 (1st Cir. 2003).  If Cossette makes out a prima facie case, then the burden shifts to the Government to articulate a legitimate, non-discriminatory reason for its decision.  Hoffman, 439 F.3d at 17.  If the Government can point to such an explanation, then the burden shifts back to Cossette

to show that this explanation is insufficient or a mere pretext for age discrimination.  Id.

The USDA argues that Cossette cannot establish that he was qualified for the Resource Assistant position, both because he is estopped from contesting the issue by the Federal Circuit's affirmance of the MSPB's ruling that he was unqualified, and because the evidence in the record unambiguously demonstrates that he was unqualified.  I am persuaded by the USDA's second argument and thus resolve the case without addressing its estoppel argument.

To qualify for the Resource Assistant position, Cossette needed to demonstrate that he either met the educational requirements established for the position or that he had at least one year of "specialized experience."  Cossette's educational background clearly does not meet the established criteria, and he does not argue otherwise.  Instead, he contends that his banking and SCSEP experience qualify as specialized experience.

In the vacancy announcement, specialized experience is defined as experience that "has equipped the applicant with the particular knowledge, skills, and abilities to perform successfully the duties of the position, and that is typically in

-9-

<u>or related to</u> the position to be filled." (emphasis added). Importantly, the specialized experience requirement is not satisfied by merely showing that the applicant has a high level of cognitive functioning or an aptitude for learning on the job. Rather, the requirement demands that the applicant have specific <u>prior experience</u> that is related to the responsibilities of the Resource Assistant position: processing recreation special use permits, billing of fees due the government, tracking of permit status, analysis of use associated with other recreation and non-recreation activities, and business management activities associated with the Fee Demonstration Project.

District Ranger John Serfass' deposition testimony sheds some light on the role such experience would play in the Resource Assistant's job. As Ranger Serfass testified, the Resource Assistant needs to know enough about natural resources to explain, for example, the resource protection goals underlying the forest plan's limit on group sizes, rather than merely being able to recite the rule back to a permit applicant. Deposition of John Serfass at 18, <u>Cossette v. Johanns</u>, No. 05-CV-328-PB (D.N.H. May 18, 2007) (hereinafter "Serfass Dep."). Additionally, the Resource Assistant needs to know enough about

-10-

"the National Forest, our ownership, what our rules allow" to identify potential alternatives to prohibited plans.  Ranger Serfass offered the following example of what the Resource Assistant would need to be able to explain to an applicant seeking permits to establish tent camps in a particular area of the National Forest:

> [H]ere's some options you've got.  You could go in this location and then what you're proposing would be okay; or if you just move back from the stream 500 feet, what you're proposing to do would be okay; or if you stayed out of the wilderness what you're proposing to do would be okay and then be able to -- when a person says, why is that?  Well, sensitive soils, human waste, trampling vegetation, disturbance of wildlife, all of those things are part of what happens when you don't manage the outfitter-guide use.

Id. at 30.

Cossette first contends that his extensive banking experience satisfies the "specialized experience" requirement.  I disagree.  Although Cossette's experience as a commercial lender and bank vice president suggests that he has a high level of cognitive functioning and possesses many skills specific to the banking industry, Cossette failed to show how his banking experience could have provided him with forest management skills, familiarity with special use permits, or other skills specific to

the forestry-specific aspects of the Resource Assistant position. In his job application, Cossette suggested that his banking-related experience made him able to adapt to new contexts. Being a fast learner, however, is not the same thing as having the requisite experience. Accordingly, Cossette failed to show that he gained the necessary "specialized experience" from his banking-related work.

Cossette next contends that his seven months in the SCSEP program satisfied the one-year specialized experience requirement. This argument is also unavailing. First, Cossette failed to satisfy the one-year requirement because he only worked as an SCSEP enrollee for seven months. Second, even if the Forest Service relaxed the one-year requirement, Cossette described his work as an SCSEP enrollee as "general field maintenance." He did not explain how seven months of conducting general field maintenance could have conferred the skills and experiences contemplated by the "specialized experience" requirement. Absent such an explanation, any conclusion that those seven months did confer the necessary experience would be pure speculation. Cossette's freestanding assertion that he has "first hand knowledge" of permit compliance levels, without

-12-

explaining the source or extent of that knowledge, and without explaining how his SCSEP responsibilities provided him with the relevant knowledge and experience, is also not enough to show that he obtained the required skills and experience. Accordingly, Cossette failed to show that he gained the necessary "specialized experience" from his seven months in the SCSEP program.

Finally, Cossette attacks the specialized experience requirement as being a pretext for age discrimination. The specialized experience requirement is age-neutral on its face, however, and Cossette has offered no evidence suggesting that it was developed with an age-discriminatory purpose in mind. Rather than producing evidence of age-discriminatory animus, Cossette merely argues that specialized experience is not an irreducible requirement of the job. That argument misses the mark. See Mesnick v. Gen. Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991) ("Courts may not sit as super personnel departments, assessing the merits -- or even the rationality -- of employers' nondiscriminatory business decisions."). Without evidence that the requirement sprang from age-discriminatory animus, Cossette's pretext argument must fail, leaving him no remedy under the ADEA.

-13-

See Hoffman, 439 F.3d at 18 (employer's termination of an employee because he disliked the employee does not violate the ADEA unless the employee can show that the employee's age was also a motivating factor); Rivera-Aponte, 338 F.3d at 11 (the appropriate inquiry is whether the decision was made with discriminatory animus, not whether it was wise or adequately considered); see also Velazquez-Fernandez v. NCE Foods, Inc., 476 F.3d 6, 11 (1st Cir. 2007) (the mere fact that an older employee was replaced by a younger employee, combined with a single stray ageist remark, was insufficient to establish that the older employee's termination was pretextual).

## IV.  CONCLUSION

For the reasons set forth herein, the defendant's motion for summary judgment (Doc. No. 52) is granted.  The Clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 3, 2007

cc:  Paul Cossette, pro se
     T. David Plourde, Esq.